# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | Case No. 1:09-cv-00335-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983 |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | (Doc. 10) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

I.      **Findings and Recommendations**

Plaintiff Saahdi Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 24, 2009. (Doc. 1.) On July 7, 2009, the Court dismissed Plaintiff's complaint, with leave to file a first amended complaint within 30 days. (Doc. 9.) On August 13, 2009, Plaintiff filed his first amended complaint. (Doc. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1    appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2            A complaint must contain "a short and plain statement of the claim showing that the

3    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

6    Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must

7    set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

8    Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are

9    accepted as true, legal conclusions are not. Id.

10   **II.    Summary of Amended Complaint**

11           Plaintiff is currently incarcerated at Folsom State Prison. Plaintiff was previously

12   incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California,

13   where the events giving rise to this action allegedly occurred. Plaintiff names as defendants the

14   Director of Corrections, warden Ken Clark, senior librarian M. Hildreth, education head S. Ponce,

15   librarian S. Levario, and John Doe 1, officer in charge of delivering paging system requests to

16   inmates.

17           In a 93-page complaint, Plaintiff alleges the following. Plaintiff was transferred to SATF

18   on September 4, 2003. (First Am. Compl. (FAC) ¶ 207.) Plaintiff's legal property was lost,

19   which included affidavits and other evidence for Plaintiff's civil complaint and criminal appeal.

20   (FAC ¶ 207.) Plaintiff describes in detail his civil complaint against the Sacramento Main Jail for

21   conditions of confinement. (FAC ¶¶ 180-206.) Plaintiff complained of receiving a rejection letter

22   regarding mail he had sent containing his civil suit against the Sacramento County Main Jail.

23   (FAC ¶ 208.) Plaintiff had omitted his CDC number on the envelope. (FAC ¶ 208.) Plaintiff

24   received the rejection letter more than 57 days after it was sent. (FAC ¶ 209.)

25           On February 20, 2004, SATF issued a memorandum for the paging system, which inmates

26   use for purposes of legal filings. (FAC ¶ 211.) The paging system procedure is as follows: (1)

27   the floor officer collects the paging system requests and delivers it to the librarian mail tray; (2)

28   librarian files the order and places the filed order in the respective building tray; (3) the building

1    floor officer delivers the order to the inmate to sign a CDC 193 form; (4) the signed CDC 193 is

2    returned to the librarian mail tray.  (FAC ¶ 215.)

3          On February 24, 2004, pursuant to the paging system requirements, Plaintiff submitted his

4    affidavits and civil complaint to the building floor officer, who was then to walk the items to the

5    law library to file.  (FAC ¶ 212.)  On March 25, 2004, Plaintiff filed a request for interview with

6    the C-yard librarian.  (FAC ¶ 213.)  Plaintiff explained that he had the building floor officer submit

7    the affidavits and civil complaint to the law library for purpose of copying but did not receive the

8    documents or a CDC 193 form.  (FAC ¶ 213.)  The librarian responded by sending Plaintiff the

9    paging system memorandum, which indicated to Plaintiff that he had complied.  (FAC ¶ 214.)

10   Plaintiff drafted another civil complaint on April 13, 2004, and again submitted this to the floor

11   officer via the paging system.  (FAC ¶ 216.)  On April 18, 2004, Plaintiff again contacted the

12   librarian that he had not received copies of his complaint.  (FAC ¶ 217.)

13         On May 25, 2004, Plaintiff filed a request for extension of time with the Sacramento

14   Superior Court.  (FAC ¶ 218.)  The librarian in response to Plaintiff's request for interview again

15   forwarded the paging system memorandum.  (FAC ¶ 219.)  Plaintiff then filed an emergency

16   appeal on June 8, 2004, which was subsequently screened out as untimely.  (FAC ¶¶ 220, 222.)

17   Plaintiff filed his civil complaint on June 14, 2004, without supporting affidavits and other key

18   exhibits.  (FAC ¶ 221.)  Plaintiff contacted the law office of Donald Spector regarding his issues

19   with the paging system; the letter from the law office was opened outside the presence of Plaintiff.

20   (FAC ¶¶ 223, 225.)

21         On February 14, 2005, Plaintiff filed a 602 inmate appeal form regarding access to the law

22   library during lockdown.  (FAC ¶ 226.)  On May 4, 2005, Plaintiff's grievance was granted in

23   part.  (FAC ¶ 228.)  Plaintiff was forwarded a January 11, 2005 memorandum which outlined

24   PLU access to the law library during lockdown through the paging system by submitting requests

25   through the mail.  (FAC ¶ 228.)  On May 5, 2005, legal mail from the Stockton Superior Court

26   was opened outside the presence of Plaintiff.  (FAC ¶ 229.)

27         Plaintiff appealed his grievance to the Director level, requesting physical access to the law

28   library during lockdown.  (FAC ¶ 230.)  Plaintiff filed an inmate appeal regarding not receiving

3

certain requested case law from the law library. (FAC ¶ 231.)  Legal mail from the Sacramento Superior Court was opened outside of Plaintiff's presence.  (FAC ¶ 232.)  Plaintiff's inmate appeal for law library access was denied at the Director's level because security concerns take precedent over library access.  (FAC ¶ 235.)  Plaintiff was informed that he should request an extension of time to file based on the circumstances.  (FAC ¶ 235.)  Plaintiff's appeal regarding requested case law requests was denied, as it appeared that Plaintiff was receiving his requested legal materials, even though he had not received certain requests.  (FAC ¶¶ 236, 237.)

On January 11, 2006, Plaintiff filed his writ of habeas corpus in state court without affidavits and other supporting evidence because it had been lost by defendants.  (FAC ¶ 239.) On March 1, 2006, more legal confidential mail was opened outside of Plaintiff's presence.  (FAC ¶ 240.)  On March 3, 2006, Plaintiff's state writ of habeas corpus was denied as untimely filed and for failure to provide supporting evidence for his claims.  (FAC ¶ 241.)  Plaintiff filed a motion for reconsideration, detailing defendants' acts and including supporting evidence for his claims; Plaintiff's motion as to timeliness was granted.  (FAC ¶ 242.)   The petition was denied on the merits.  (FAC ¶ 62.)  On May 7, 2006, Plaintiff filed his appeal to the California  Court of Appeals, which was denied.  (FAC ¶¶ 64, 67.)  On May 23, 2006, while SATF was on lockdown again, Plaintiff used the paging system to submit his only copy of his state writ of habeas corpus for copying.  (FAC ¶ 244.)  Plaintiff's writ was lost.  (FAC ¶ 246.)  Plaintiff filed several grievances requesting the law library to find the lost documents.  (FAC ¶ 247.)  Plaintiff received responses from defendant S. Levario indicating that it was impossible for the law library to find documents that did not make it to the law library.  (FAC ¶ 250.)

On June 23, 2006, legal mail from Randolph, Cregger, and Chalfant LLP was opened outside Plaintiff's presence; they were the attorney for defendants in Plaintiff's civil case.  (FAC ¶ 249.)  This happened on other occasions.  (FAC ¶¶ 257, 258, 280.)  On April 19, 2007, Plaintiff's civil case was dismissed as untimely filed.  (FAC ¶ 288.)  Plaintiff filed many other complaints regarding receiving his mail late and other issues with the paging system.  At some point, defendants director of corrections, Ken Clark, S. Ponce, M. Hildreth, and John Doe all interacted with Plaintiff as to the issues via the inmate appeals process and failed to act to prevent the

1    injuries.

2         Plaintiff seeks monetary damages.

3    **III.    Discussion**

4         **A.    Access to the Courts**

5         Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

6    518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and

7    civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the

8    frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

9    claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

10   Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

11        A necessary element for this claim requires that plaintiff show he suffered an "actual

12   injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351.  The second

13   element requires that plaintiff show defendant proximately caused the alleged violation of

14   plaintiff's rights, the touchstone of which is foreseeability.  Crumpton v. Gates, 947 F.2d 1418,

15   1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres.

16   Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000).  Finally,

17   the third element requires that plaintiff show he has no other remedy than the relief available via

18   *this* suit for denial of access to the courts.  Harbury, 536 U.S. at 415.

19        Plaintiff's allegations against defendants Director, Ken Clark, S. Ponce, M. Hildreth, and

20   John Doe indicate that on numerous occasions, Plaintiff's attempts to use the paging system for

21   the mailing of court documents and his ability to send and receive mail were delayed or the

22   documents lost.  The Court analyzes Plaintiff's various access to the court claims.

23        First, Plaintiff alleges that the procedural safeguards of the paging system are inadequate

24   to protect his access to the courts.  (FAC ¶ 302.) As to the adequacy of the paging system, the

25   procedures in place appear adequate.  As alleged, the actual execution of these procedures may

26   have been deficient, but the procedure itself was sufficient.  The paging system procedure is as

27   follows: (1) the floor officer collects the paging system requests and delivers it to the librarian

28   mail tray; (2) librarian files the order and places the filed order in the respective building tray; (3)

the building floor officer delivers the order to the inmate to sign a CDC 193 form; (4) the signed

CDC 193 is returned to the librarian mail tray.  (FAC ¶ 215.)  This would appear to have

sufficient safeguards against any lost documents.  The defendant director and Ken Clark are not

liable under § 1983 for implementing a constitutionally deficient policy because proper

implementation of the policy would not deny prisoner litigants access to the courts.[1]

Second, Plaintiff alleges that  defendant floor officer John Doe and the law librarians are

losing Plaintiff's paging system documents.  It appears that Plaintiff is alleging at most negligence

on the part of several defendants in the execution of the paging system.  This is insufficient to

state a cognizable access to the courts claim.  To state a cognizable claim for denial of access to

the courts, a prisoner must prove that there was an inadequacy in the prison's legal access

program that caused him actual injury.  See Casey, 518 U.S. at 350-55.  Assuming without

deciding that Plaintiff has stated an actual injury, the Court finds that Plaintiff fails to allege

sufficient culpability by defendants to state a constitutional violation.[2]  A cognizable claim is

stated if prison officials "actively interfer[e]" with a prisoner's access to the courts.  See id. at

350.  However, negligence does not amount to active interference and does not rise to the level of

a constitutional violation, even it affected a prisoner's ability to present his claims to the court.

See id.; Daniels v. Williams, 474 U.S. 327, 333-34 (1986) (suggesting that negligent acts

generally do not violate constitutional rights).  There are no facts alleged by Plaintiff that suggest

the loss of Plaintiff's documents in the paging system was anything other than, at best,  negligence

---

[1]  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

[2]  There is some question as to whether Plaintiff was the cause of the dismissal of his writ of habeas corpus/criminal appeal.  Based on Plaintiff's complaint, Plaintiff's writ was dismissed on the merits, and he submitted all evidence in support of his claims.  Thus, Plaintiff would appear to have had access to the court as to the writ.

1   on the part of certain prison officials.

2          Third, Plaintiff alleges that during lockdown, Plaintiff was denied physical access to the

3   law library.  However, physical access to the law library is not necessarily a requirement for

4   adequate access to the courts. Based on the amended complaint, prison officials still permitted

5   prisoners to make requests to the law library for certain legal documents, and continued to allow

6   the utilization of the paging system.  As stated previously, the implementation of the paging

7   system may have been negligent, but that does not state a cognizable access to the courts claim.

8   Furthermore, prison officials informed Plaintiff that he could request extensions of time for filing

9   because of the lockdown.  It also appears that once lockdown ended, Plaintiff would be permitted

10  physical access to the law library.  Thus, there does not appear to be any denial of access to the

11  courts by defendants that would give rise to a cognizable claim.

12          **B.     Legal Correspondence and Mail**

13          Plaintiff alleges numerous occasions on which his "confidential legal mail" was opened

14  outside of his presence.  Plaintiff describes four types: (1) nondescript openings in which Plaintiff

15  only states that confidential legal mail was opened outside his presence; (2) opening of mail from

16  state courts; (3) opening of mail from counsel of the defense in his civil case; (4) opening of mail

17  from law office of attorney Donald Spector.

18          For all the scenarios, Plaintiff fails to name any defendant that was responsible for opening

19  the letters.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted

20  under color of state law and (2) the defendant deprived him of rights secured by the Constitution

21  or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Implicit in

22  the requirements for pleading a § 1983 claim is that there must be a defendant linked to the

23  alleged deprivation.  Plaintiff fails to do so regarding his allegations of mail interference.

24          As to the nondescript mail opening, Plaintiff does not state from who the letter came and

25  whether it was properly labeled.  Not all mail is legal mail.  See, e.g., Mann v. Adams, 846 F.2d

26  589, 590-91 (9th Cir. 1988) (per curiam) (finding that mail from public agencies, public officials,

27  civil rights groups, and news media may be opened outside prisoners' presence in light of security

28  concerns).  Furthermore, prison officials may require that mail from an inmate's attorney be (1)

1  identified as such and (2) open such correspondence in the presence of the prisoner.  See Wolff v.

2  McDonnell, 418 U.S. 539, 576, 77 (1974).  Plaintiff alleges no facts to indicate whether the mail

3  was from his attorney and whether it was properly labeled as such in order for First Amendment

4  protections for legal mail to apply.

5        As to the other openings of mail, "[m]ail from the courts, as contrasted to mail from a

6  prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996),

7  amended by 135 F.3d 1318 (9th Cir. 1998).  Because there is no attorney-client relationship

8  between Plaintiff and defendants' attorneys, there is no requirement that such mail be specially

9  protected under the First Amendment.  See id.  It is unclear what relationship Plaintiff had with

10  attorney Donald Spector.  However, communication with an attorney is not sufficient by itself to

11  indicate that the mail was legal mail; the relationship would have to be that of attorney-client to

12  merit special protection as legal mail under the First Amendment.

13        Plaintiff's claims for loss of  mail, return of incoming  mail, and even failure to mail

14  outgoing mail, (FAC ¶ 303) by themselves, also fail to state a claim.  Plaintiff fails to allege that

15  such mail issues were the result of anything other than, at most, negligence on the part of

16  unnamed prison officials.  As stated previously, negligence will not be sufficient to state a

17  cognizable § 1983 claim.  See Daniels, 474 U.S. at 333-34.

18  **IV.**    **Conclusion and Recommendation**

19        Based on the foregoing, Plaintiff fails to state any claims upon which relief may be granted

20  under 42 U.S.C. § 1983.  Plaintiff was previously granted leave to amend, and provided with the

21  appropriate case law, but was still unable to cure the deficiencies in his complaint.  The Court

22  finds that Plaintiff should not be granted additional leave to amend.  See Lopez v. Smith, 203 F.3d

23  1122, 1127 (9th Cir. 2000).

24        Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed,

25  with prejudice, for failure to state any claims upon which relief may be granted under 42 U.S.C. §

26  1983.

27        These Findings and Recommendations will be submitted to the United States District

28  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

1    **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may

2    file written objections with the court.  The document should be captioned "Objections to

3    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

4    objections within the specified time may waive the right to appeal the District Court's order.

5    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7         IT IS SO ORDERED.

8         **Dated:    December 1, 2009                    /s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9