# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | CASE NO. 1:09-cv-00335-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DIRECTOR OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 17) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.    Procedural History

Plaintiff Saahdi Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action was commenced on February 24, 2010. (Doc. 1.) The complaint was screened by the Magistrate Judge and dismissed with leave to amend for failure to state a claim on July 7, 2009. (Doc. 9.) An amended complaint was filed on August 13, 2009. (Doc. 10.) On December 1, 2009, the Magistrate Judge screened the amended complaint and issued a finding and recommendations recommending the complaint be dismissed, with prejudice, for failure to state a claim. (Doc. 11.)

On January 6, 2010, Plaintiff filed an objection to the findings and recommendations stating that the Court was misconstruing his claim and he was bringing a claim for retaliation. (Doc. 12.) On January 7, 2010, Plaintiff filed a motion to amend and a second amended complaint. (Docs. 13, 16.) On January 8, 2010, the Magistrate Judge issued an order vacating the findings and recommendations dated December 1, 2009, and allowing Plaintiff to file an amended complaint.

(Doc. 15.) Currently before the Court is Plaintiff's complaint filed on January 28, 2010. (Doc. 17.) Although Plaintiff filed the document titled second amended complaint, the Court will construe this as the third amended complaint.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**III.   Complaint Allegations**

Plaintiff is currently incarcerated at Folsom State Prison. The third amended complaint is

a seventy page document alleging unrelated incidents that have occurred from his detention at the Sacramento County Jail beginning on March 3, 2003 through June 13, 2007. The Plaintiff names defendants at multiple facilities. For the reasons stated, the complaint fails to state a cognizable claim. Plaintiff will be granted one final opportunity to amend the complaint to cure the deficiencies as described below. If Plaintiff fails to comply with the order of the Court, the complaint will be dismissed for failure to state a claim.

## IV.   Legal Standards

### A.   Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

### B.   Defendant Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C.   Rule 8

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff's third amended complaint is neither short nor plain. Plaintiff's third amended complaint is long and contains multiple unrelated incidents.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the Court's, to state a claim for each defendant.

### D.   Rule 18

Plaintiff may not proceed in this action on a myriad of unrelated claims against different staff members at different institutions. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which, if any, claims will proceed and will dismiss out all unrelated claims.

Plaintiff's third amended complaint describes a wide variety of incidents ranging from jail conditions to interference with mail at different prisons. Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." To the extent that Plaintiff attempts to link all the incidents described in his third amended complaint by calling them retaliatory, the incidents described do not involve common questions of fact or law. The incidents occurred on different days, at different places, and involved different Defendants. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred by jail or prison officials who are harassing Plaintiff. The mere fact that each Defendant intended to harass Plaintiff does not give rise to a common question of law or fact.

The Court advises Plaintiff that each claim that is raised in his fourth amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve the harassment of Plaintiff. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

### E.    Amended Complaint

Plaintiff will be given the opportunity to file a fourth amended complaint. Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's fourth amended complaint being stricken from the record. Plaintiff is further warned that continued failure to take meaningful steps to obey the Court's orders may result in this action being dismissed for failure to obey a court order. See Local Rule 110.

Plaintiff's amended complaint is not to exceed twenty five pages and should not include incidents that are unrelated to the claim Plaintiff is attempting to assert.

### V.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty days in compliance with this and the prior orders issued on July 7 and December 1, 2009. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's third amended complaint, filed January 28, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a fourth amended complaint;
    a. Plaintiff's fourth amended complaint shall not exceed twenty five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim. IT IS SO ORDERED.

Dated:   November 30, 2010

UNITED STATES MAGISTRATE JUDGE