# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI COLEMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00335-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THE ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 21)<br><br>THIRTY-DAY DEADLINE |

**I.      Procedural History**

Plaintiff Saadhi Coleman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on February 24, 2009. (Doc. 1.) On July 7, 2009, the Magistrate Judge issued an order dismissing the complaint, with leave to amend, for failure to state a claim. (Doc. 9.) On December 1, 2009, findings and recommendations were issued recommending dismissing the first amended complaint, with prejudice, for failure to state a claim. (Docs. 10, 11.) Plaintiff filed objections to the findings and recommendations on January 6, 2010. (Doc. 12.) The Court vacated the previous findings and recommendations and issued an order directing Plaintiff to file a second amended complaint on January 8, 2010. (Doc. 11.) On December 1, 2010, the third amended complaint was dismissed, with leave to amend, for failure to state a claim. (Docs. 17, 20.) Currently pending before the Court is the fourth amended complaint, filed January 11, 2011. (Doc. 21.)

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Folsom State Prison. Due to the limited access to the law library the prison uses a paging system to provide inmates with legal documents. (Doc. 21, ¶ 7.) Defendant Levario, as law librarian, is to process inmate request forms and then place the documents in the building officers

tray to be forwarded to the inmate. (Id., ¶ 8.) Defendants Baker, Coelho, M. Ketz, and an unidentified correctional officer ("Doe") then deliver the documents to the inmate who placed the request and have the inmate sign to verify delivery. (Id., ¶ 9.) On November 7, 2006, Plaintiff submitted a paging system request form for copies of an opposition and exhibits. (Id., ¶¶ 12, 24.) He handed the paging system request form to Defendants Baker, Coelho, M. Ketz, and Doe for processing. (Id., ¶ 12.) Plaintiff contacted Defendants Baker, Coelho, M. Ketz, and Doe to discover the status of his request. Defendant Levario stated that the request has been processed and forwarded to Plaintiff on November 14, 2006. (Id., ¶ 17.)

Plaintiff had a deadline in state case number 04AS02826 of November 20, 2006. (Id. ¶ 19.) This case was filed against the Sacramento County Main Jail and its employees for inadequate lighting. (Id., ¶ 37.) While Plaintiff was housed at the Sacramento County Main Jail, he was placed in a cell with no light. After one week Plaintiff was moved to a cell where the light was stuck in the on position, flashing non-stop. Plaintiff alleges he received a serious injury to his vision causing him to need glasses. (Id., ¶¶ 37, 38.) Due to his eye injury Plaintiff suffered three separate accidents that resulted in a deformity of his right hand. (Id., ¶ 41(1).)

On December 5, 2006, Plaintiff filed an inmate appeal. (Id., ¶ 19.) On January 17, 2007, Defendant Livario responded to Plaintiff's appeal that she assumed he had received his documents since he had been to the law library several times since he had requested them, had hundreds of copies made in December, and never mentioned that he was missing them. (Id., ¶¶ 21, 22.)

Plaintiff alleges that the documents requested were his proof that he filed a timely opposition under the prison mailbox rule. (Id., ¶ 24.) Plaintiff attempted to locate other proof that his documents were timely filed, but was unsuccessful. (Id., ¶ 36.) Plaintiff's case was ultimately dismissed as being untimely filed. (Id., ¶ 25.) Plaintiff alleges that he never received the requested documents and they were never found. (Id., ¶¶ 18, 20.)

Plaintiff brings this action naming Defendants Law Librarian S. Levario, Correctional Officers Baker, Coelho, M. Ketz, and Doe alleging denial of access to the courts. (Id., p. 1.) He is seeking $1,560,000 for the damages he was seeking in the dismissed case. (Id., p. 21.)

///

## IV. Discussion

### A. Access to the Court

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

There are two types of access to the courts claims. Either the inmate is being denied the opportunity to litigate a case or the inmate has been denied access to the court and has lost the opportunity to litigate a case. Christopher, 536 U.S. at 413-14. To state a claim for a lost opportunity to litigate, the plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been lost, the actions of officials that impeded the litigation, and the remedy that would compensate the plaintiff for the loss. Id. at 415 (quoting Lewis, 518 U.S. at 353). The underlying claim alleged would need to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Id. at 418.

Plaintiff has failed to establish that the underlying action was the type of action that would entitle him to bring an access to the court claim. The well pleaded complaint rule makes the plaintiff the master of his claim and he may avoid federal jurisdiction by relying exclusively on state law. Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) The action was brought in state court. Defendants did not remove the action to federal court, which would be the normal procedure for a civil rights action brought in state court. Therefore, it appears that the underlying complaint was not a civil rights action, but was brought based upon state law claims. This would not entitle Plaintiff to bring an access to the court claim based upon the dismissal. Lewis, 518 U.S. at 354.

#### 1. Underlying Claim

Plaintiff's description of his underlying claim, that he was housed in a cell with constant light for an unstated period of time, fails to name any defendants. Under the pleading standard established by Rule 8, he has failed to link any defendant in the underlying suit to any action or inaction that

4

resulted in his eye injury. Therefore he has failed to state a cognizable underlying claim for interference with his access to the courts. Iqbal, 129 S. Ct. at 1948.

Additionally, although Plaintiff alleges that he did not receive a copy of the documents, he submits a copy of a legal material request form for "motion to amend the complaint no. 3/motion in support & exhibits enclusive." (Doc. 21, p. 46.) This form shows the order was filled on November 14, 2006. The document includes Plaintiff's signature on the top of the form, requesting the copies. Plaintiff's signature is also on the bottom portion authorizing the withdrawal from his trust account. It appears from the document provided that Plaintiff did receive the requested copies. Therefore it is unclear why he failed to timely file his response. However, even if Plaintiff did not receive the documents the Court findings would remain the same.

## 2. Actions Impeding Litigation

The Court notes that Plaintiff did not provide a copy of the order dismissing case 04AS02826, the only document provided was defendants notice of hearing to strike the second amended complaint or in the alternative demurrer to plaintiff's second amended complaint. (Doc. 21, pp. 43-44.) Plaintiff states that the action was dismissed due to his failure to prove he had timely filed his opposition to the motion to strike or demurrer to the complaint.

Under the mailbox rule a legal document is considered filed on the date the inmate delivers it to prison officials for filing by mail. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). Where the document is never received by the court, the inmate receives the benefit of the rule as long as he diligently follows up with the court within a reasonable time of receiving the disposition of the case. Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). While Plaintiff attempts to invoke the mailbox rule in this case, he is not entitled to the benefit of the rule, as he gave the document to the law library for copying. This does not equate to delivering it to officials for mailing and the mailbox rule is inapplicable to his claim.

Plaintiff claims that his underlying action was dismissed because he was unable to establish that he filed his response timely. Plaintiff does not allege that he was impeded from filing a response by the actions of the prison officials. He states that he was prevented from showing he filed his response timely. The documents that were lost by the defendants would not establish that Plaintiff

5

1  filed a timely response.  While monetary damages would compensate Plaintiff for his loss of the
2  underlying claim, Plaintiff has failed to establish a cognizable claim for a violation of access to the
3  court.

### V.    Conclusion and Order

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed four complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 19, 2011

UNITED STATES MAGISTRATE JUDGE