# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI COLEMAN, | CASE NO. 1:09-cv-00335-OWW-GBC PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | (Docs. 22, 23) |

Plaintiff Saadhi Coleman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on February 24, 2009. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 7, 2009, the Magistrate Judge issued an order dismissing the complaint, with leave to amend, for failure to state a claim. (Doc. 9.) On December 1, 2009, findings and recommendations were issued recommending dismissing the first amended complaint, with prejudice, for failure to state a claim. (Docs. 10, 11.) Plaintiff filed objections to the findings and recommendations on January 6, 2010, requesting leave to amend the complaint due to the retaliatory acts of the defendant. (Doc. 12.) A notice of motion to amend and a second amended complaint were filed on January 7, 2010. (Doc. 13, 16.)

The Magistrate Judge vacated the previous findings and recommendations and issued an order directing Plaintiff to file a second amended complaint on January 8, 2010. (Doc. 15.) On

December 1, 2010, the third amended complaint[1] was dismissed, with leave to amend, for failure to state a claim. (Docs. 17, 20.) Based upon Plaintiff's objection to the previous findings and recommendation, the order included the legal standard to state a claim for retaliation. A fourth amended complaint was filed on January 11, 2011. (Doc. 21.) On January 19, 2011, findings and recommendations were issued recommending dismissing the action, in its entirety, for failure to state a claim. (Doc. 22.) Plaintiff filed objections on February 24, 2011, stating the Magistrate Judge misconstrued his complaint and requesting leave to amend to state a claim for retaliation. (Doc. 23.)

While "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted), in this action Plaintiff has been granted four opportunities to amend the complaint, with guidance by the Magistrate Judge. Plaintiff has now filed five complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The undersigned finds that Plaintiff is not able to cure the complaint by amendment, and therefore further leave to amend will not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a de novo review of this case. Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed January 19, 2011, are adopted in full;
2. This action, is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;
3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   March 2, 2011**              /s/ Oliver W. Wanger
                                                      UNITED STATES DISTRICT JUDGE

---

[1] The third amended complaint was incorrectly docketed as second amended complaint.

2